In re EASTERN GAS & FUEL ASSOCIATES.

Civ. No. 50–168.

United States District Court, D. Massachusetts.

Dec. 23, 1953.

See, also, D.C., 90 F.Supp. 555.

Harry G. Slater, Sidney Shemel, Washington, D. C., for U. S. Securities and Exchange Commission.

James S. Eastham, John A. Gage, Boston, Mass., for Eastern Gas & Fuel Associates.

Frank B. Ingersoll, Edmund S. Ruffin, Jr., Edward H. Schoyer, and Carleton M. Crick, Pittsburgh, Pa., for Koppers Co., Inc.

Harold B. Dondis, Boston, Mass., John J. Burns, Burns, Blake & Ruch, Claude B. Cross, Withington, Cross, Park & McCann, Boston, Mass., for Scattergood, Bates and others appearing individually as 6% Preferred Stockholders.

SWEENEY, Chief Judge.

In this proceeding, the Court is asked to approve and enforce a supplemental application of the Commission relating to fees and expenses for services performed in connection with the reorganization of Eastern Gas & Fuel Associates under Section 11(e) of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79k(e).

A plan was consummated for the recapitalization of Eastern in 1950 and thereafter applications were filed with the Commission for the allowance of fees and expenses which the Commission passed upon in its Findings and Opinion of May 29, 1953, allowing some and disallowing others.

Objections to the Commission's determinations have been entered on behalf of two applicants, Koppers Company, Inc., former parent of Eastern and one F. C. Dumaine, Jr., a member of the 6% Preferred Stockholders Committee.

■ I cannot interfere with the determination of the Commission denying reimbursement of expenses in the amount of $206,299.51 to Koppers, since in my opinion this conclusion has the necessary rational and statutory foundation to allow it freedom from judicial disturbance; Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 207, 67 S.Ct. 1575, 1760, 91 L.Ed. 1995; In the Matter of Niagara Hudson Power Corporation, D.C.N.D.N.Y., 114 F.Supp. 683. Consequently, Koppers' objections to the Commission's Supplemental Application are over-ruled.

■ Dumaine's claim for compensation in the amount of $5,000 is based on services he rendered while acting as a member of the Committee for the 6% Preferred Shareholders. This fee was disallowed on the ground that a sale during reorganization proceedings by Margaret Dumaine, the applicant's wife, of two hundred shares of the 6% Preferred Stock of Eastern was a violation of Rule U-62 of the Commission, which prohibits trading by a member of a protective committee in the securities of a company undergoing reorganization. The findings of the Commission show that this sale was consummated on August 1, 1946, during the course of the proceedings, with Dumaine's knowledge,

and that a profit of $8,600 was thereby realized. The proceeds of the sale were used to reduce a bank loan made by Mrs. Dumaine for the purchase of the family residence.

Rule U–62(g)(2) provides as follows:

"No securities of the company or companies in reorganization, or of any subsidiary of such company, or of any other associate company thereof which may be affected by the reorganization shall be bought or sold by or for the account of (whether as principal, agent, trustee, or otherwise) any of the persons specified in Clauses (A) to (E) below, or in any transaction in which any such person has any beneficial interest, direct or indirect; nor shall any investment advice with respect to any such securities be given, directly or indirectly, by—

"(A) Any person who makes any solicitation subject to this rule; or

"(B) Any person connected with any committee or other organization formed to act under the authorization so solicited; or * * *."

It is the position of the Commission that while Rule U–62 does not specify that members of the immediate family of a committee member are within the rule, still the clear intendment of Rule U–62 is that trading by members of the immediate family of any person connected with a committee falls in the category of prohibited trading by that person.

The Commission has ruled in this case that the effect of such trading is to cause Dumaine to forfeit his claim to compensation for services rendered in the reorganization proceeding, even though it admits that the stock traded was Mrs. Dumaine's individual property. In my opinion such a construction of Rule U–62 and ruling in furtherance thereof as applied to this petitioner are unwarranted and unreasonable. In this situation the Commission's interpretation enunciated for the first time after Dumaine had taken on his responsibilities as a committee member and performed many services in this capacity, would require without any plain forewarning either that Dumaine sacrifice a reward for valuable labors or that his wife freeze for an indefinite period valuable assets.

In this age of an increasing recognition of individual responsibility and a decreasing tribute to legal fictions we want to avoid a construction in any case under which a person must suffer in his own right for the innocent act of a third person in the absence of collusion between them, even where the relationship between the two is that of husband and wife.

In the absence of some plain unequivocal wording either in a statute or regulation allowing such a result I feel that the Commission's action here was without sufficient foundation in law or reason and that it cannot stand.

The Commission's Supplementary Application will be granted in all respects, except as to Dumaine's claim for compensation in the amount of $5,000 which should be allowed.

An order may be submitted in accordance with the foregoing.